UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERTINA RODRIGUEZ,
individually and as
Personal Representative
of the Estate of Jose
Villagomez,

       Plaintiff,

v.                                CASE NO.  8:02-CV-695-T-17MAP

J.C. PENNEY LIFE INSURANCE
CO., et al.,

       Defendants.
_____/

ORDER

This cause is before the Court on:

Dkt. 23 Amended Complaint
Dkt. 29 Motion for Summary Judgment
Dkt. 31 Motion for Summary Judgment
Dkts. 38-41 Depositions
Dkt. 47 Motion for Return of Property
Dkt. 55 Motion to Strike
Dkt. 59 Motion to Strike
Dkt. 66 Motion for Sanctions
Dkt. 76 Report and Recommendation
Dkt. 77 Objections - Plaintiff
Dkt. 79 Response to Objections

I.   Report and Recommendation

The Court referred the pending Motions for Summary Judgment to the assigned Magistrate Judge for a Report and Recommendation. Judge Pizzo recommends that the Motions for Summary Judgment be granted.

Case No. 8:02-CV-695-T-17MAP

The Amended Complaint (Dkt. 23) in this case contains the following Counts: 1) Count I - breach of oral contract; 2) Count II - fraudulent inducement; and 3) Count III - negligent misrepresentation.

In the Report and Recommendation, Judge Pizzo concludes that, as to Count I, there was no breach of an oral contract. Judge Pizzo found that the oral agreement was that Defendant Capital One would deliver a written policy issued by J.C. Penney Life Insurance Company to Plaintiff which would cover Plaintiff until Plaintiff declined its terms.  Judge Pizzo recommends that the Motions for Summary Judgment be granted because Defendant J.C. Penney fulfilled the terms of the policy which was issued.

As to Counts II and III, Judge Pizzo concludes that the Motions for Summary Judgment should be granted because Plaintiff has made no showing of injury incurred by justifiable reliance on the fraudulent or negligent representations made by Defendants.

A.   Objections

Plaintiff argues that there are genuine factual issues which preclude summary judgment as to the content of the sales pitch and whether it created an oral contract of insurance or an improper inducement based on fraudulent/negligent misrepresentations.  Plaintiff further argues that there are genuine factual issues which preclude summary judgment as to whether a completed transaction and creation of an oral insurance contract occurred when Plaintiff accepted Defendants' offer of insurance as it was explained to her.  Plaintiff further argues that genuine issues of material fact exist as to whether

2

Case No. 8:02-CV-695-T-17MAP

Defendants are guilty of fraudulent inducement or negligent misrepresentation in suggesting to Plaintiff that her policy would be much more substantial than the one Defendant intended to convey.  Plaintiff also argues that there is a genuine issue of material fact as to whether a different oral agreement was reached regardless of what Defendants may have intended their salesman to do.

B.  Response to Objections

     Defendants request that the Court adopt the Report and Recommendation,, overrule the objections, and grant the pending Motions for Summary Judgment.

C.  Discussion

     In determining whether there are genuine issues of material fact present which preclude the entry of summary judgment, the Court specifically relies on Plaintiff's Deposition (Dkt. 40, attached to Deposition of O'Brien).

     The Court notes specifically that Plaintiff has been in the United States since she was nine years old (Dkt. 40, p. 6), Plaintiff has worked as a customer service representative (Dkt. 40, p. 9), and Plaintiff is familiar with the process of obtaining car insurance and homeowners insurance (Dkt. 40, pp. 27, 29).  Plaintiff knew that insurance policies are long written documents that contain exclusions, and that the exclusions remain in effect even if the policy is not read (Dkt. 40, p. 24).

Case No. 8:02-CV-695-T-17MAP

1.   Contract Formation

     In order to find that an oral insurance contract was created
at the time of the phone conversation between Plaintiff and
Defendant, the Court would have to find that the Plaintiff and
Defendant agreed on the following essential elements: 1) the
subject matter; 2) the risk insured against; 3) the amount of
insurance; 4) the rate of premium; 5) the duration of the risk;
and 6) the identity of the parties.   See Collins v. Aetna Ins.
Co., 138 So. 369 (Fla. 1931).

     Plaintiff did not become aware that Defendant J.C. Penney
Life Insurance Co. issued the insurance policy to her until some
time after the automobile accident (Dkt. 40, p. 43) when the
certificate was brought to Plaintiff while she was in the
hospital.   The Court concludes that no oral insurance policy
could have been created, since, at the very least, Plaintiff did
not know the identity of the company issuing the written policy
to her.

     Defendants have also argued that Plaintiff did not discuss
with specificity the benefits that would be provided under the
policy.   The Court further notes that Plaintiff's deposition
testimony establishes that Plaintiff expected the Certificate of
Insurance that was later mailed to her to clarify exactly what
benefits would be available (Dkt. 40, pp. 33-35).

     Plaintiff has argued that since Plaintiff's recollection of
her conversation with the telemarketer is incomplete due to the
passage of time, all inferences must be drawn in Plaintiff's
favor, and the Court should find that genuine issues of material

                              4

Case No. 8:02-CV-695-T-17MAP

fact preclude the entry of summary judgment.  However, the Court
finds that Plaintiff's own testimony as to the identity of the
insuror and her expectation of a written certificate describing
the terms of the policy negates any possibility that the oral
conversation could have created an enforceable insurance
contract.

     After consideration, the Court overrules Plaintiff's
objection as to the issue, adopts the Report and Recommendation,
and grants the Motions for Summary Judgment as to Count I.

2.  Fraudulent Inducement

     Plaintiff has argued that there are genuine issues of
material fact which preclude the entry of summary judgment as to
Plaintiff's reliance, and the Report and Recommendation
improperly focuses on the "free look" period of time.

     The elements of fraudulent inducement are: 1)
misrepresentation of a material fact; 2) knowledge by the person
making the statement that the representation is false; 3) intent
by the person making the statement that the representation would
induce another to rely and act on it; and 4) that the plaintiff
suffered injury in justifiable reliance on the representation.
See Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985).

     Plaintiff could never justifiably rely on the alleged
misrepresentations to the her detriment, when Plaintiff willingly
agreed to accept the coverage explained in a brief conversation
on the phone, with the expectation that the policy terms and
exclusions would be spelled out at a later time in detail in the

                              5

Case No. 8:02-CV-695-T-17MAP

written documents to be provided.

Plaintiff testified in her deposition that at the end of the phone conversation she was left with the understanding that she and other family members had coverage of one million dollars. Plaintiff later received written documents which establish that only Plaintiff had coverage of one million dollars, and that amount of coverage was available only for a specific type of accident.   Plaintiff further testified she could not recall exactly how the salesman's pitch was phrased (Dkt. 40, p. 53).

Plaintiff's testimony at deposition establishes that what Plaintiff received was different from what Plaintiff expected. However, Plaintiff was given a period of time to examine the coverage in detail at no cost, and to then decide if Plaintiff wanted to pay for it.   Plaintiff's deposition testimony establishes that Plaintiff was not shopping for insurance, and Plaintiff did not forego other insurance to purchase Defendant's insurance product.

Under the above circumstances, the Court concludes that Plaintiff received a windfall rather than sustaining damage because what Plaintiff received was different than Plaintiff's initial expectation.

After consideration, the Court overrules Plaintiff's objections as to the issue of fraudulent inducement and grants the Motion for Summary Judgment as to this issue.

Case No. 8:02-CV-695-T-17MAP

3.   Negligent Misrepresentation

     The elements of negligent misrepresentation are: 1)
misrepresentation of a material fact; 2) the representor must
either know of the misrepresentation, must make the
representation without knowledge as to its truth or falsity, or
must make the representation in circumstances in which he ought
to have known of its falsity; 3) the representor must intend that
the representation induce another to act on it; and 4) injury
must result to the party acting in justifiable reliance on the
misrepresentation.   See Atlantic Nat'l Bank of Florida v. Vest,
480 So.2d 1328, 1331 (Fla. 2d DCA 1985), rev. denied, 491 So.2d
281 (Fla. 1986) and 508 So.2d 16 (Fla. 1987).

     The Court found above that there could be no justifiable
reliance based on the facts of this case, in which Plaintiff
accepted whatever coverage was offered in the brief telephone
conversation with the understanding that the exact terms would be
spelled out later in writing and the coverage would be put in
place without cost for three months to allow Plaintiff the time
to review the exact terms and make an informed decision as to
acceptance.   Even if every other element necessary to establish a
cause of action for negligent misrepresentation could be met,
Plaintiff cannot establish injury resulting from justifiable
reliance in this case.   The Court therefore overrules the
objections to the Report and Recommendation, and grants the
Motion for Summary Judgment as to this issue.   Accordingly, it is

     ORDERED that all objections to the Report and Recommendation

                                7

Case No. 8:02-CV-695-T-17MAP

are **overruled**, the Report and Recommendation is adopted and incorporated herein by reference, and the Court grants the Motions for Summary Judgment.  The Clerk of Court shall enter judgment for Defendants and close this case.

II.  Pending Motions

        After consideration, the Court denies all other pending motions (Dkts. 47, 55, 59, 66).


        DONE and ORDERED in Chambers, in Tampa, Florida on this 24th day of January, 2006.

                                ELIZABETH A. KOVACHEVICH
                                United States District Judge

Copies to:
All parties and counsel of record

8